UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                      CASE NO. 3:25-cr-251-TJC-MCR

BRIAN K. CARN JR.               26 U.S.C. § 7212(a)

## INFORMATION

The United States Attorney charges:

### General Allegations

At all times relevant to this Information:

1. The defendant BRIAN K. CARN JR. was a resident of Jacksonville, Florida, in the Middle District of Florida.

2. The Internal Revenue Service ("IRS") was an agency of the U.S. Department of the Treasury responsible for the administration of the tax laws of, and the collection of taxes owed to, the United States.

3. CARN operated a ministry under various names, including Healing House Ministries, Inc., Brian Carn Ministries, Inc., and Kingdom Culture City Churches (collectively, "the ministry").

4. Under the tax laws of the United States, the ministry was not required to report its income to the IRS or pay income taxes. However, CARN was required to report to the IRS and pay taxes on his individual income he received from the ministry. CARN was also required to report to the IRS and pay taxes on individual

income he received from other sources, including for speaking engagements, merchandise sales, or other business ventures.

5. During 2015, Carn was not paid a salary from, and had no written employment agreement with, the ministry. Instead, he received income by withdrawing cash from ministry bank accounts and otherwise using ministry funds to pay for personal expenses. In 2015 and 2016, the ministry's internal finance manager accounted for income CARN received in this matter.

6. In 2016, the ministry's internal finance manager provided information about CARN's income from the ministry to CARN's tax return preparer, Accountant 1. Accountant 1 then used that information to prepare CARN's 2015 Form 1040, U.S. Individual Income Tax Return, that properly reported CARN's income from cash withdrawals and personal spending from ministry accounts, as well as income CARN earned from speaking engagements, as reflected on Forms 1099 filed in his name with the IRS. Accordingly, on or about September 3, 2016, CARN subscribed to and filed an IRS Form 1040, U.S. Individual Income Tax Return, for tax year 2015, on which he reported taxable income of $1,451,077 and taxes owed of $606,722.

7. On October 17, 2016, the IRS began a tax collection action against Carn by issuing to him a Notice of Tax Due and Demand for Payment for the taxes CARN reported on his 2015 Form 1040. In December of 2016, the IRS recorded a notice of federal tax lien on CARN's assets and issued a levy notice.

8. CARN, aware of the IRS's collection proceeding, and in an effort to conceal his income and assets from the IRS, engaged Accountant 2 in November of 2016 to prepare tax returns—including an amended 2015 return— that substantially underreported his income by omitting the majority of income CARN earned from the ministry. To accomplish that, CARN provided Accountant 2 with a fictitious "Employment Agreement" between himself and the ministry, backdated to January 1, 2014, that provided for an annual salary of $120,000 and an annual parsonage allowance of $24,000. CARN represented to Accountant 2 that this was the entirety of his income. CARN knew at the time—and represented to third parties on credit applications, financial account openings, and lease applications—that the income he actually earned through the ministry through cash withdrawals and the payment of personal expenses far exceeded his purported salary in the Employment Agreement.

9. Accountant 2, operating under the premise of the Employment Agreement CARN provided to him, prepared and filed the following false tax returns, all of which CARN subscribed to while knowing full well that they drastically underreported his true income from the ministry that he earned via cash withdrawals and use of ministry funds for personal expenditures:

- (a) A Form 1040 for 2016, filed with the IRS on or about February 22, 2018.
- (b) A Form 1040X, Amended U.S. Individual Income Tax Return, for 2015, filed with the IRS on or about October 2, 2018.
- (c) A Form 1040 for 2017, filed with the IRS on or about August 12, 2019.

3

(d) A Form 1040 for 2018, filed with the IRS on or about August 19, 2019.

10. CARN has not filed individual income tax returns for 2019 through 2024. During that time period, he continued to use ministry funds to pay for personal expenses, as he did in previous years.

11. As part of the IRS's tax collections process, the IRS asked CARN to complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which CARN signed and submitted to the IRS on or about November 23, 2020.

12. In order to conceal his income and assets from the IRS's collections process, CARN made the following false representations and material omissions on the Form 433-A:

> (a) When asked whether, in the past 10 years, he transferred any assets for less than their full value, CARN omitted a real property he quitclaimed to his grandmother in June of 2016.
>
> (b) In a list of his personal bank accounts, CARN omitted a CashApp account in his name that he used to transfer hundreds of thousands of dollars to his personal bank account and to directly fund personal expenditures.
>
> (c) When asked to list investments, CARN omitted an investment account in his name.
>
> (d) When listing his personal vehicles, CARN omitted two cars titled in his name.

4

(e) CARN listed his monthly income as $0.00, despite using hundreds of thousands of dollars from ministry accounts each year from 2017 through 2020 for cash withdrawals and to pay personal expenses.

## COUNT ONE
### (Corrupt Endeavor to Obstruct and Impede the Administration of the Internal Revenue Laws)

13. Paragraphs 1 through 12 of this Information are re-alleged and incorporated herein. From on or about November of 2016 through on or about November 23, 2020, in the in the Middle District of Florida and elsewhere, the defendant,

BRIAN K. CARN, JR.,

knowing of and reasonably foreseeing the IRS's proceeding to collect his tax debts, did corruptly obstruct and impede, and corruptly endeavor to obstruct and impede, the due administration of the internal revenue laws, that is, the IRS's proceeding to collect his tax debts, by committing and causing to be committed various acts, each such act having a nexus to the collection action, including but not limited to the following:

    a. Providing to his return preparer a false Employment Agreement between him and his ministry;

    b. Making and subscribing to a false Form 1040 for 2016 that underreported his income from his ministry;

    c. Making and subscribing to a false Form 1040X for 2015 that underreported his income from his ministry;

    d. Making and subscribing to a false Form 1040 for 2017 that underreported his income from his ministry;

    e. Making and subscribing to a false Form 1040 for 2018 that underreported his income from his ministry;

    f. Submitting to the IRS a false Form 433-A; and

    g. Paying for personal expenses directly from ministry accounts.

All in violation of 26 U.S.C. § 7212(a).

Criminal Division  
Tax Section  
U.S. Department of Justice

By: _____  
David Zisserson  
Assistant Chief  
Max Willner-Giwerc  
Trial Attorney  
Southern Enforcement Section

GREGORY W. KEHOE  
United States Attorney

By: _____  
Michael J. Coolican  
Assistant United States Attorney

By: _____  
Frank M. Talbot  
Assistant United States Attorney  
Chief, Jacksonville Division