UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

1/15/26

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.                                          Case No. 3:25-cr-251-TJC-MCR-1

BRIAN CARN, JR.

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, BRIAN CARN, JR., and the defendant's attorney, Walter A. Reynoso, mutually agree as follows:

A.    **Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a).

2.    Maximum Penalties

The maximum penalties for Count One are a term of imprisonment of not more than three years, a fine of not more than $250,000 or twice the gross gain or twice the gross loss arising from the offense, whichever is greater, or both a term of imprisonment and a fine, a term of supervised release of not more than one year, and

Defendant's Initials ___BCJ___                          AF Approval ___3/C___

a special assessment of $100, which is due on the date of sentencing. A violation of

the terms and conditions of supervised release is punishable by a maximum sentence

of not more than one year of additional imprisonment, as well as the possibility of an

additional term of supervised release.

In addition, the defendant is subject to an order of restitution, as set

forth below.

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of

the offense to which the defendant is pleading guilty. The elements of Count One

are:

> (1)    The defendant knowingly tried to obstruct or impede the
> due administration of the Internal Revenue Laws in
> connection with a pending or impending IRS proceeding
> or other targeted administration action;
>
> (2)    The proceeding or action was pending or reasonably
> foreseeable by the defendant at the time the defendant
> engaged in the obstructive conduct; and
>
> (3)    The defendant did so corruptly, that is, acting knowingly
> and dishonestly with the specific intent to secure an
> unlawful benefit.

4.    Indictment Waiver

The defendant will waive the right to be charged by way of indictment

before a federal grand jury.

Defendant's Initials _____    2

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses that are both known to the United States Attorney's Office at the time of the execution of this agreement and arise from the facts described herein.

6.    Acceptance of Responsibility

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely

Defendant's Initials ___    3

with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.    Guidelines Loss Calculation - Joint Recommendation

The United States and the defendant stipulate and agree that the tax loss for Sentencing Guidelines purposes is greater than $550,000, but less than $1.5 million. This would result in a Base Offense Level of 20. U.S.S.G. § 2T1.1, 2T4.1.

The United States further agrees that if the Court finds the defendant to have accepted responsibility under U.S.S.G. § 3E1.1(a), the United States will move for an additional 1-point decrease of the offense level under Section 3E1.1(b), resulting in a total 3-point decrease of the offense level. Finally, the United States agrees that if the Court finds the defendant to qualify under the Zero-Point Offender adjustment under U.S.S.G. § 4C1.1, an additional 2-point decrease of the offense level would apply. In total, all of the above would result in a Final Offense Level of 15, corresponding to a sentencing range of 18-24 months' incarceration. The United States agrees to recommend a sentence at the low end of the Guidelines sentencing range. The defendant understands that these stipulations are not binding on the Court, and if the Court does not accept these stipulations, the defendant shall not be free to withdraw his guilty plea.

The United States and the defendant further stipulate and agree that neither party will seek any other sentencing enhancements or downward adjustments or departures under the Sentencing Guidelines. The defendant understands that this

Defendant's Initials _____                    4

stipulation is not binding on the Court, and if the Court finds that any Sentencing Guidelines enhancements apply, the defendant shall not be free to withdraw his guilty plea.

8.     Restitution

The defendant agrees to pay restitution to the Internal Revenue Service, pursuant to 18 U.S.C. § 3663(a)(3), in the amount of $595,989, for his 2015 individual income tax liability. The defendant further agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

The defendant is entitled to receive credit for restitution paid pursuant to

Defendant's Initials ____

this plea agreement against those assessed civil tax liabilities due and owing for the same period for which restitution was ordered. The defendant understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. The defendant also agrees to provide the above-described information to the probation office.

If the defendant makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered.

The defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at an address to be provided.

With each payment to the Clerk of the Court made pursuant to the

Defendant's Initials _____          6

District Court's restitution order, the defendant will provide the following information:

A. The defendant's name and Social Security number;

B. The District Court and the docket number assigned to this case;

C. Tax year(s) or period(s) for which restitution has been ordered; and

D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with the defendant's payments, to the IRS address below:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108.

The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

9.      Chapter Two Guideline

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend that the Court determine the defendant's base offense level under USSG § 2T1.1. The defendant understands that this recommendation is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____      7

B.   **Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendants restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _____      8

2.      Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.      Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.      Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.      Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office

Defendant's Initials                     9

within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.     <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared

Defendant's Initials _____      10

by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.      Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises

Defendant's Initials _____              11

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then
the defendant is released from this waiver and may appeal the sentence as authorized
by 18 U.S.C. § 3742(a).

     8.      Middle District of Florida Agreement

         It is further understood that this agreement is limited to the Office of the
United States Attorney for the Middle District of Florida and cannot bind other
federal, state, or local prosecuting authorities, although this office will bring
defendant's cooperation, if any, to the attention of other prosecuting officers or
others, if requested.

     9.      Filing of Agreement

         This agreement shall be presented to the Court, in open court or in
camera, in whole or in part, upon a showing of good cause, and filed in this cause, at
the time of defendant's entry of a plea of guilty pursuant hereto.

     10.     Voluntariness

         The defendant acknowledges that defendant is entering into this
agreement and is pleading guilty freely and voluntarily without reliance upon any
discussions between the attorney for the government and the defendant and
defendant's attorney and without promise of benefit of any kind (other than the
concessions contained herein), and without threats, force, intimidation, or coercion
of any kind. The defendant further acknowledges defendant's understanding of the
nature of the offenses to which defendant is pleading guilty and the elements thereof,
including the penalties provided by law, and defendant's complete satisfaction with

Defendant's Initials _____         12

the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.     Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _BCR_                    13

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _15_ day of January, 2026.


_____
BRIAN CARN, JR.
Defendant


_____
WALTER A. REYNOSO
Attorney for Defendant


_____
DAVID ZISSERSON
Assistant Chief
Criminal Division, Tax Section
Southern Enforcement Unit
U.S. Department of Justice


GREGORY W. KEHOE
United States Attorney


_____
MICHAEL J. COOLICAN
Assistant United States Attorney


_____
FRANK TALBOT
Assistant United States Attorney
Chief, Jacksonville Division


Defendant's Initials _____                    14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

       v.                          Case No. 3:25-cr-251-TJC-MCR-1

BRIAN CARN, JR.

## PERSONALIZATION OF ELEMENTS

1.      Do you admit that, in the Middle District of Florida, you knowingly tried to obstruct or impede the due administration of the Internal Revenue Laws in connection with a pending or impending IRS proceeding or other targeted administration action, specifically, the IRS's attempts to collect your individual income tax liabilities?

2.      Do you admit that the IRS's tax collection action was pending or reasonably foreseeable by you at the time you engaged in the obstructive conduct?

3.      Do you admit that you did so corruptly, that is, acting knowingly and dishonestly with the specific intent to secure an unlawful benefit for yourself?

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                               Case No. 3:25-cr-251-TJC-MCR-1

BRIAN CARN, JR.

## FACTUAL BASIS

The defendant, BRIAN CARN, JR., operated a ministry under various

names, including Healing House Ministries, Inc., Brian Carn Ministries, Inc., and

Kingdom Culture City Churches (collectively, "the ministry").  Under the tax laws of

the United States, the ministry was not required to report its income to the IRS or

pay income taxes.  However, CARN was required to report to the IRS and pay taxes

on his individual income he received from the ministry.  CARN was also required to

report to the IRS and pay taxes on individual income he received from other sources,

including for speaking engagements, merchandise sales, or other business ventures.

During 2015, Carn was not paid a salary from, and had no written

employment agreement with, the ministry.  Instead, he received income from the

ministry by withdrawing cash from its bank accounts and otherwise using ministry

funds to pay for personal expenses.  In 2015 and 2016, the ministry's internal finance

manager accounted for income CARN received in this matter.

In 2016, the ministry's internal finance manager provided information about

CARN's income from the ministry to CARN's tax return preparer, Accountant 1.

Defendant's Initials _BCJ_

Accountant 1 then used that information to prepare CARN's 2015 Form 1040, U.S. Individual Income Tax Return, that properly reported CARN's income from cash withdrawals and personal spending from ministry accounts, as well as income CARN earned from speaking engagements, as reflected on Forms 1099 filed in his name with the IRS. Accordingly, on or about September 3, 2016, CARN subscribed to and filed an IRS Form 1040, U.S. Individual Income Tax Return, for tax year 2015, on which he reported taxable income of $1,451,077 and taxes owed of $606,722.

On October 17, 2016, the IRS began tax collection actions against Carn by issuing to him a Notice of Tax Due and Demand for Payment for the taxes CARN reported on his 2015 Form 1040. In December of 2016, the IRS recorded a notice of federal tax lien on CARN's assets and issued a levy notice.

CARN, aware of the IRS's collection proceeding, and in an effort to conceal his income and assets from the IRS, engaged Accountant 2 in November of 2016 to prepare tax returns—including an amended 2015 return—that substantially underreported his income by omitting the majority of income CARN earned from the ministry. To accomplish that, CARN provided Accountant 2 with a fictitious "Employment Agreement" between himself and the ministry, backdated to January 1, 2014, that provided for an annual salary of $120,000 and an annual parsonage allowance of $24,000. CARN represented to Accountant 2 that this was the entirety of his income. CARN knew at the time—and represented to third parties on credit applications, financial account openings, and lease applications—that the income he

Defendant's Initials _____    2

actually earned through speaking engagements, ministry accounts cash withdrawals, and the payment of personal expenses from ministry accounts, far exceeded his purported salary in the Employment Agreement.

Accountant 2, operating under the premise of the Employment Agreement CARN provided to him, prepared and filed the following false tax returns, all of which CARN subscribed to while knowing full well that they drastically underreported his true income:

- A Form 1040 for 2016, filed with the IRS on or about February 22, 2018.

- A Form 1040X, Amended U.S. Individual Income Tax Return, for 2015, filed with the IRS on or about October 2, 2018.

- A Form 1040 for 2017, filed with the IRS on or about August 12, 2019.

- A Form 1040 for 2018, filed with the IRS on or about August 19, 2019.

CARN has not filed individual income tax returns for 2019 through 2024. During that time period, he continued to use ministry funds to pay for personal expenses, as he did in previous years.

As part of the IRS's tax collections process, the IRS asked CARN to complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which CARN signed and submitted to the IRS on or about November 23, 2020. In order to conceal his income and assets from the IRS's

Defendant's Initials _____    3

collections process, CARN made the following false representations and material omissions on the Form 433-A:

- When asked whether, in the past 10 years, he transferred any assets for less than their full value, CARN omitted a real property he quitclaimed to his grandmother in June of 2016.

- In a list of his personal bank accounts, CARN omitted a CashApp account in his name that he used to transfer hundreds of thousands of dollars to his personal bank account and to directly fund personal expenditures.

- When asked to list investments, CARN omitted an investment account in his name.

- When listing his personal vehicles, CARN omitted two cars titled in his name.

- CARN listed his monthly income as $0.00, despite using hundreds of thousands of dollars from ministry accounts each year from 2017 through 2020 for cash withdrawals and to pay personal expenses.

CARN's efforts to obstruct the IRS's proceeding to collect his individual income tax debts caused a tax loss to United States for 2015 through 2020 of between $550,000 and $1.5 million.

Defendant's Initials _____    4